# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00631-CR

**Jason Sibley, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. D-1-DC-13-300292, HONORABLE BERT RICHARDSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] A jury convicted appellant Jason Sibley of the offense of sexual assault.[2] The district court rendered judgment on the verdict and sentenced Sibley to 24 years' imprisonment.

Evidence considered by the jury during trial included the testimony of the complainant, Gabrielle Rhodes.[3] Rhodes testified that on the night of February 2, 2013, she was celebrating her 28th birthday with two friends at a nightclub in Austin when she encountered a man, later identified as Sibley, and began dancing with him. Rhodes explained that she was "drunk" at the time and had continued drinking as she and Sibley "danced slowly" together. However, Rhodes

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 22.011(a)(1).

[3] Gabrielle Rhodes is a pseudonym that has been used throughout these proceedings to protect the identity of the complainant.

recounted, Sibley eventually began "dancing more aggressively" and she "kind of pushed him away" and "told him to stop." According to Rhodes, she then stopped dancing and walked outside into an alley behind the club, where she again encountered Sibley. Rhodes testified that Sibley proceeded to sexually assault her, first by penetrating her vagina and then by penetrating her anus.

Other evidence considered by the jury included the testimony of Shondra Sterling, an employee at the club, who testified that on the night in question, she had found Rhodes and Sibley together behind the club, with Sibley "getting up off of [Rhodes] and [Rhodes] sitting there on the ground crying"; Jonathan Hall, the head of security at the club, who testified that he had observed Rhodes and Sibley having intercourse; Alexis Wilder, the manager of the club, who testified that she had found Rhodes "on the ground" behind the club with Sibley "on top of her"; Rhodes's two friends who had accompanied Rhodes to the bar; Moira Foley, a sexual assault nurse examiner who had examined Rhodes following the incident and who had observed injuries to Rhodes's vaginal and anal areas; and Sibley, who admitted having vaginal intercourse with Rhodes but claimed that it was consensual.

Sibley was charged with two counts of sexual assault, with one count alleging non-consensual vaginal penetration and the other count alleging non-consensual anal penetration. Based on the above and other evidence, the jury found Sibley not guilty of the count alleging non-consensual vaginal penetration but guilty of the count alleging non-consensual anal penetration. The district court rendered judgment on the verdict and sentenced Sibley to 24 years' imprisonment as noted above. This appeal followed.

Sibley's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of

2

*Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4] Counsel has certified to the Court that he has provided a copy of the motion and brief to Sibley, advised Sibley of his right to examine the appellate record and file a pro se response, and supplied Sibley with a form motion for pro se access to the appellate record.[5] In response, Sibley has filed a pro se brief in which he asserts that there were various errors in the indictment, jury charge, and judgment of conviction and further claims that his appellate counsel was ineffective for filing an *Anders* brief.

We have reviewed the record, counsel's brief, and the pro se brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 17, 2016

Do Not Publish

---

[4]  *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[5]  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).